# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**SULE AUGUSTO PEDRO,**
**A# 028-117-194,**

　　Petitioner,

vs.　　　　　　　　　　　　　　　　　Case No. 4:19cv248-RH/CAS

**KEVIN MCALEENAN, et al.,**

　　Respondents.

_____/

## REPORT AND RECOMMENDATION

　　Petitioner, proceeding pro se, initiated this case by submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 29, 2019. ECF No. 1. However, Petitioner did not pay the filing fee nor file an in forma pauperis motion. Thus, an Order was entered on May 30, 2019, directing Petitioner to do one or the other if he desired to proceed with this case. ECF No. 3. Petitioner's deadline to comply was **June 27, 2019**, and as of this date, he has not complied.

　　Petitioner had been warned that a recommendation would be made to dismiss this case if he did not comply with that Order. ECF No. 3.

Despite that warnings, Petitioner has not complied and it appears that he has abandoned this litigation.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." <u>Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc.</u>, 556 F.3d 1232, 1240 (11th Cir. 2009).  Because Petitioner has failed to prosecute this case, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on July 9, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.